UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KRISTEN DEWITT<br>14893 Floral St.<br>Salem, Ohio 44619<br><br>on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GERVASI VINEYARD & ITALIAN BISTRO, LLC<br>c/o Statutory Agent<br>Scott Swaldo<br>1700 55th Street, NE<br>Canton, Oho 44721<br><br>and<br><br>GERVASI 1700, LLC.<br>c/o Statutory Agent<br>Theodore Swaldo<br>7170 Farmdale NW<br>North Canton, Ohio 44720<br><br>    Defendants. | CASE NO.<br><br>JUDGE:<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Kristen DeWitt, on behalf of herself and others similarly situated, by and through undersigned counsel, and for her Complaint against Defendants Gervasi Vineyard & Italian Bistro, LLC, and Gervasi 1700, LLC states and alleges the following:

**SUMMARY**

1. This is a "collective action" instituted by Plaintiff as a result of Defendants' practices and policies of not paying its tipped, non-exempt employees, including Plaintiff and other similarly situated employees, the applicable minimum wage for all of the hours worked in violation

of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.01, *et seq.*, and Article II § 34(a) of the Ohio Constitution. Plaintiff brings this case as a collective action under the FLSA, 29 U.S.C. § 216(b), and pursuant to the OMFWSA, R.C. § 4111.14(K)(2).

2. Defendants pay its tipped employees, including servers and bartenders, below the minimum wage rate by taking advantage of the tip-credit provisions of the FLSA and, in Ohio, the OMFWSA. Under the tip-credit provisions, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum wage rate by taking a "tip credit" against the employer's minimum wage obligations from the tips received from customers.

3. However, there are strict requirements for an employer to utilize the "tip credit." *See* 29 U.S.C. § 203(m). An employer must advise an employee in advance of its use of the tip credit pursuant to the provisions of section 3(m) of the FLSA (the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection."). That is, the employer must inform the employee: (1) the amount of the cash wage that is to be paid to the tipped employee; (2) the amount by which the wages of the tipped employee are increased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool; and (4) that the tip credit shall not apply to any employee who does not receive the notice.

4. Further, it is illegal for employers to require tipped employees to give up a portion of their tips to their employer or to ineligible employees, such as management staff. *See Myers v. Copper Cellar Corp.*, 192 F.3d 546, 551 (6th Cir.1999)(for "the work shifts in which salad mixers were included within the tip pool, the pooling scheme was illegal..."); *Portales v. MBA Inv. Co., LLC,* No. 3:13CV00001, 2014 WL 5795206, at *3 (N.D. Ohio Oct. 16, 2014)("When an employer includes a non-customarily tipped employee or another employer in a mandatory tip pool, the pool

is invalid under FLSA.", citing 29 U.S.C. § 203); *Bernal v. Vankar Enter., Inc.*, 579 F. Supp. 2d 804, 810 (W.D. Tex. 2008) (employer not permitted to take the FLSA tip credit when it required waiters to pay for shortages and unpaid tabs).

5. Additionally, an employer must pay the minimum statutory hourly rate ($2.13 per hour under the FLSA and 50% of the Ohio minimum wage rate). *See* 29 U.S.C. § 203(m).

6. Moreover, an employer cannot pay below the minimum wage to tipped employees and require those tipped employees to perform non-tipped work that is unrelated to the tipped occupation. *See Osman v. Grube, Inc.,* No. 16-CV-802, 2017 WL 2908864, at *4 (N.D. Ohio July 7, 2017)(employer may not take a tip credit for the time that a tipped employee spends on work that is not related to the tipped occupation); *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir.2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties…such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work.").

7. Finally, an employer cannot require its tipped employees to perform non-tipped work that is related to the employees' tipped occupation but exceeds 20 percent of the employees' time worked during a workweek. *See Harrison v. Rockne's Inc.,* 274 F. Supp. 3d 706, 713 (N.D. Ohio 2017)(Plaintiffs sufficiently alleged a claim when "they alleged that they were required to perform non-tipped related duties more than 20% of their regular work.")*; Fast v. Applebee's Int'l, Inc*., 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time.").

8. Defendants violated the FLSA and OMFWSA in the following respects:

a. **Violation for requiring tipped employees to share tips with non-tipped employees (tip pooling):** Defendants took a portion of Plaintiff's and other similarly situated employees' tips and gave it to non-tipped employees, including serving assistants, which reduced their wages below the minimum hourly wage required for tipped employees.

b. **Violation for performing non-tipped side work in excess of 20% of the time spent working in the week**: Plaintiff and other similarly situated employees were was required to perform greater than 20% of their time in performing non-tip producing side work, including, but not limited to, cleaning and stocking the serving line; cleaning, chairs, high chairs and booster seats; cleaning menus; cleaning soft drink dispensers and nozzles; cleaning tables; filling and cleaning salt and pepper shakers; replacing soft drink syrups; rolling silverware; setting tables; stocking ice; sweeping, cleaning floors; taking dishes and glasses from the tables to the kitchen; and/or taking out trash; polishing glassware, stocking to-go boxes and bags; stocking chocolates; filling parmesan cheese containers; wiping and putting inserts into check presenters; restocking servers stations; helping the dishwashers; making trips to a separate kitchen facility to wash dishes when one broke down; training new servers; and attend team meetings.

c. **Violation for making illegal deductions that reduced the direct wage of Plaintiff below the minimum required hourly wage for tipped employees:** Plaintiff and other similarly situation employees were required to purchase certain clothing to work for Defendants, which reduced their wages below the minimum hourly wage required for tipped employees.

9. As a result of these violations, Defendants have lost the ability to use the tip credit and therefore must compensate Plaintiff and all similarly situated workers at the full minimum wage rate, unencumbered by the tip credit, and for all hours worked. In other words, Defendants must account for the difference between the wages paid to Plaintiff and all similarly situated workers and the minimum wage rate.

## JURISDICTION AND VENUE

10. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et seq*.

11. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, because the claims are so related to the FLSA claims as to form part of the same case or controversy.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's principal place of business is in this District and Division and all or a substantial part of the events and omissions giving rise to the claims asserted herein occurred in this District and Division.

## PARTIES

13. At all material times, Defendants are and were Ohio limited liability companies operating under the trade name "Gervasi Vineyard & Italian Bistro, LLC".

14. At all material times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

15. At all material times, Defendant has been enterprises in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

16. At all material times, Defendant has enjoyed yearly gross revenue in excess of $500,000.

17. At all material times, Plaintiff is and was a resident of Cuyahoga County, Ohio. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

18. At all material times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

19. At all material times, Plaintiff was an employee engaged in the commerce or the production of goods for commerce.

20. Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b) and R.C. 4111.14(K)(2).

## FACTUAL ALLEGATIONS

21. Defendants operate several dining establishments on the same property in Canton, Ohio, including the Italian Bistro and the Crush House, among others.

22. Upon information and belief, both Defendants own and operate the establishments. Hereafter, both Defendants will be referred to together as "Defendant."

23. Defendant employs servers, bartenders, and even coordinators to provide services to customers.

24. From approximately April 2015 through July 2021, Plaintiff was employed by Defendant as a server and event coordinator, for which she was paid a "tip credit wage" for both positions.

25. A server gathers orders from customers and delivers food and drinks to the customers.

26. A bartender makes various alcoholic beverages for customers and serve them to customers.

27. An event coordinator performs the duties of a server and bartender for private parties.

28. The servers, bartenders and event coordinators are paid an hourly wage by Defendant and receive tips from customers.

29. However, Defendant pays its tipped workers (servers, bartenders and event coordinators) less than the minimum wage under the law.

30. Defendant attempted to utilize the tip credit to meet its minimum wage obligation to Plaintiff and its other tipped workers.

**(Failure to Pay Minimum Wages)**

31. Defendant took a portion of the servers, bartenders and event coordinators' tips and gave it to non-tipped employees, including the serving assistants.

32. Defendant also took a portion of the event coordinators' tips and gave it to other staff for bartending services even though the event coordinators had to act as their own bartenders.

33. As a result of Defendant's practice in giving a portion of the tips to non-tipped employees, Plaintiff and other similarly situated servers, bartenders, and event coordinators have been paid a tipped wage that is lower than the full minimum wage for the hours they worked.

34. Moreover, Defendant required Plaintiff and other servers, bartenders, and event coordinators to perform the following non-exhaustive list of non-tip generating duties each workweek that were not performed contemporaneously with serving customers: cleaning and stocking the serving line; cleaning, chairs, high chairs and booster seats; cleaning menus; cleaning soft drink dispensers and nozzles; cleaning tables; filling and cleaning salt and pepper shakers; replacing soft drink syrups; rolling silverware; setting tables; stocking ice; sweeping, cleaning floors; taking dishes and glasses from the tables to the kitchen; and/or taking out trash; polishing glassware, stocking to-go boxes and bags; stocking chocolates; filling parmesan cheese containers; wiping and putting inserts into check presenters; restocking servers stations; helping the dishwashers; making trips to a separate kitchen facility to wash dishes when one broke down; training new servers; and attend team meetings.

35. Plaintiff and other similarly situated servers, bartenders, and event coordinators frequently spent more than 20% of their time (between two hours and four hours before and/or after their shift), performing these non-tip generating duties, during which they did not interact with customers and could not earn tips.

36. By requiring Plaintiff and other servers, bartenders and event coordinators to perform non-tipped work unrelated to their tipped occupation (i.e., "dual jobs"), and excessive amounts of non-tipped worked even if related to their tipped occupation, while being paid the sub-minimum tip credit wage rate, Plaintiff and other similarly situated servers were illegally undercompensated for their work.

37. In addition, Defendant required Plaintiff and other similarly situated servers, bar tenders and event coordinators to purchase certain clothing to work for Defendant, which reduced their wages further below the minimum hourly wage required for tipped employees.

**(Failure to Keep Accurate Records)**

38. Upon information and belief, Defendant failed to make, keep and preserve accurate records of all of the unpaid and/or underpaid work performed by Plaintiff and other similarly situated servers and bartenders, including the amount of time they spent performing non-tipped worked.

39. Upon information and belief, Defendant failed to provide advance notice of its practice of using a tip credit.

**(Defendant Willfully Violated the FLSA)**

40. Employees complained to management that they were being forced to work up to four hours after their shifts ended performing non-tip supporting work but Defendant refused to change its policy.

41. Upon information and belief, in February 2022, Defendant notified current employees of its unlawful practice of using a tip credit for wages paid by servers when performing non-tip supporting work.

42. After the notification in February 2022, Defendant changed its policies regarding use of the tip credit but did not pay any back wages for the past unlawful practices.

43. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

45. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All former and current servers and/or bartenders and/or event coordinators employed by Defendant Gervasi Vineyard & Bistro, LLC at any time during the three-year period prior to the filing of this action to the present ("FLSA Class").

46. Plaintiff is unable to state at this time the exact size of the FLSA Class, but upon information and belief, avers that it consists of more than 100 persons.

47. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid minimum wages, liquidated damages, attorneys' fees and costs under the FLSA. The FLSA Class Members are similarly situated to Plaintiff with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

48. Like Plaintiff, the FLSA Class Members were, *inter alia*, required to share their tips with non-tipped employees, were subjected to the same illegal deductions from their wages and tips, and performed substantial work that was unrelated to their tip producing duties.

9

49. Like Plaintiff, the FLSA Class Members were subject to illegal tip pooling, deductions, and expenses that dropped their compensation below the minimum wage.

50. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

51. The FLSA Class Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to "opt-in" pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid compensation, liquidated damages, attorneys' fees and costs under the FLSA.

52. Although the exact amount of damages may vary among the FLSA Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

## OHIO COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class defined as:

> All current and former servers and/or bartenders and/or event coordinators who worked for Defendant for at least one week in Ohio during the three-year period prior to the filing of this action to the present (the "Ohio Class").

54. Plaintiff has actual knowledge, through conversations with her co-workers, that a class of similarly situated workers exists who have been subjected to the same policies of Defendant with respect to the payment of the minimum wage.

55. The Ohio Class Members are similarly situated to Plaintiff in that they share the same duties and were subject to the same violations of the OMFWSA.

56. Like Plaintiff, the Ohio Class Members were, *inter alia*, required to share their tips with non-tipped employees, were subjected to the same illegal deductions from their wages and tips, and performed substantial work that was unrelated to their tip producing duties.

57. Like Plaintiff, the Ohio Class Members were subject to illegal tip pooling, deductions, and expenses that dropped their compensation below the minimum wage.

58. Plaintiff and the Ohio Class Members all labored under the same corporate structure, the same corporate policies, the same corporate chain of command, and pursuant to the rules in the same company handbook.

59. The Ohio Class Members are known to Defendant and are readily identifiable through Defendant's payroll records.

60. These individuals may readily be notified of this action and allowed to opt-in pursuant to R.C. § 4111.14(K)(2), for the purpose of collectively adjudicating their claims for unpaid compensation, liquidated damages, attorneys' fees and costs under the OMFWSA.

61. To the extent required by law, notice will be provided to these individuals by first class mail, email, text message, or by the use of techniques and a form of notice similar to those customarily used in representative actions.

62. Although the exact amount of damages may vary among the Ohio Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

63. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

64. Defendant's practice and policy of not paying Plaintiff and other similarly situated servers, bartenders and event coordinators the minimum wage for the hours they worked in a workweek violated the FLSA, 29 U.S.C. § 206.

65. Defendant's practices and policies violated the tip credit provision of the FLSA, 29 U.S.C. §203(m).

66. Defendant's failure to keep accurate records of the hours worked each workday and workweek by Plaintiff and other similarly situated servers, bartenders and event coordinators (including records reflecting hours worked performing tipped work verses non-tipped work) violated the FLSA, 29 C.F.R. § 516.2(a)(7).

67. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

68. As a result of Defendant's practices and policies, Plaintiff and other similarly situated servers, bartenders and event coordinators have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
**(OMFWSA Violations)**

69. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

70. Defendant's practice and policy of not paying Plaintiff and other similarly situated servers, bartenders, and event coordinators the minimum wage for the hours they worked in a workweek violated the OMFWSA, R.C. § 4111.14.

71. Defendant's failure to keep accurate records of the hours worked each workday and workweek by Plaintiff and other similarly situated servers, bartenders and event coordinators

(including records reflecting hours worked performing tipped work verses non-tipped work) violated the OMFWSA, R.C. § 4111.03.

72. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

73. As a result of Defendant's practices and policies, Plaintiff and other similarly situated servers, bartenders, and event coordinators have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice to all class members that this litigation is pending and that they have the right to "opt in" to this litigation pursuant to 29 U.S.C. § 216(b) and R.C. § 4111.14(K);

C. Award Plaintiff and the class she represents actual damages for unpaid wages;

D. Award Plaintiff and the class she represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class under the FLSA;

E. Award Plaintiff and the class she represents liquidated damages calculated as an additional two times the amount of unpaid minimum wages found due to Plaintiff and the class under the OMFWSA;

F. Award Plaintiff and the class she represents pre- and post-judgment interest at the statutory rate;

G. Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

H. Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

 /s/ *Robert B. Kapitan*
Robert B. Kapitan (0074327)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
robert@lazzarolawfirm.com
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

 /s/ *Robert B. Kapitan*
One of Plaintiff's Attorneys